UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JORDAN CHRISTOPHER SOILEAU | * | CASE NO. |
| Plaintiff | * | |
| | | SECTION: |
| VERSUS | * | |
| | | |
| ERA HELICOPTERS, LLC AND | * | JUDGE |
| DOLPHIN SERVICES, LLC | | |
| Defendants. | * | |
| | | MAG. JUDGE |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant, Dolphin Services, LLC ("Dolphin"), hereby removes this matter from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § § 1441 and 1446, for the following reasons:

**I.**

On September 9, 2016, plaintiff, Jordan Christopher Soileau, filed a Petition for Damages in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, entitled *Jordan Christopher Soileau v. ERA Helicopters, LLC and Dolphin Services, LLC*., bearing Civil Action No. 2016-3771, Div. D  (*See* state record attached as Exhibit "A" at p. 1.)

**II.**

Dolphin was served with plaintiff's original Petition on September 19, 2016, and less than thirty (30) days have elapsed since that time. Therefore, this removal is timely under 28 U.S.C. §1446(b) and *Murphy Brothers Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344 (1999).

**III.**

The only other co-Defendant, Era Helicopters, LLC, consents to this Removal. In accordance with the requirement of unanimous consent set forth by 28 U.S.C. §1446(b), Era Helicopters, LLC provides a written indication of consent, and its authority to do so, in the form attached hereto as Exhibit "B"; *Crowley v. Amica Mutual Insur. Co., et al.*, 2012 U.S. Dist. LEXIS 127216 (E.D. La. Sept. 7, 2012). By filing this Notice of Removal, Defendants have appeared and do not waive, but hereby affirmatively assert, any and all affirmative and/or other defenses available and/or applicable to them, including those set forth under Louisiana and/or Federal Rules of Civil Procedure 8 and 12.

**IV.**

The Parish of Calcasieu, State of Louisiana, is within the territorial jurisdiction of the United States District Court for the Western District of Louisiana.

**V.**

This removal is predicated on the Court's federal question jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1333 through 1356.

**VI.**

Plaintiff, Jordan Christopher Soileau, alleges that he sustained personal injuries on or about September 9, 2015, when, in the course and scope of his employment, he was loading material into a cargo basket on the top of the Anadarko Constitution Spar, which is an oil production facility located in the navigable waters in the Gulf of Mexico in an area designated as Green Canyon

Block 680.  See Exhibit "A," Plaintiff's Petition for Damages at ¶¶ 2-3.

## VII.

As alleged on the face of the Petition, the facts underlying Mr. Soileau's claim occurred on the Anadarko Constitution Spar in the area of the Gulf of Mexico designated Green Canyon 680.  Green Canyon is on the outer continental shelf.  *See* www.boem.gov/Gulf-of-Mexico-Region-Lease-Map (last visited Oct. 14, 2016).  Therefore, the facts underlying the Petition occurred on the proper situs for OCSLA jurisdiction.

## VIII.

Further, at the time of the alleged incident, Mr. Soileau alleges he was working on the Anadarko Constitution Spar.  *See* Exhibit "A," Petition ¶ 2.  The Anadarko Constitution Spar is a platform moored to the bottom of the Gulf of Mexico, which was erected for the purpose of exploring for, and developing, oil and gas resources.  It is not practically capable of marine transportation.  Accordingly, the Anadarko Constitution Spar is not a vessel under OCSLA.  *See Mendez v. Anadarko Petroleum Corp.*, 466 Fed. App'x 316 (5th Cir. 2012) (holding that a production spar is not a vessel); *Channel v. Grand Isle Shipyard, Inc.*, 2001 WL 515220 (E.D. La. May 14, 2001) (same); *Am. Home Ass. Co. v. Chevron, USA, Inc.*, 2003 WL 21999336 (E.D. La. Aug. 20, 2003) (same); *Mizell v. BP Am. Prod. Co.*, 2008 WL 872279 (S.D. Miss. 3/26/2008) (same); *Moore v. BIS Salamis, Inc.*, 748 F. Supp. 2d 598, 600, 606 (E.D. Tex. 2010) (same).  Because Plaintiff was working on the Anadarko Constitution Spar, his employment furthered mineral development.

## IX.

Further, Plaintiff alleges that his alleged personal injuries arose while in the course and scope of his employment.  Thus, his alleged injuries would not have occurred but for his

employment.

**X.**

Therefore, Plaintiff's claims arise out of, or in connection with, operations conducted on the Outer Continental Shelf and involve exploration, development, and production of the minerals of the Outer Continental Shelf, which gives rise to federal question under OCSLA, 43 U.S.C. § 1331, *et seq*.

**XI.**

Claims arising under OCSLA are removable because they present a federal question. *Bolden v. Superior Energy Servs. L.L.C.*, 2003 WL 22835965 *6 (E.D. La. 2003). As such, this Court has original jurisdiction under OCSLA regardless of the citizenship of the parties.

**XII.**

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants is attached hereto as Exhibit "A."

**XIII.**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of service of the petition and within one (1) year of the initial filing of this suit.

**XIV.**

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal and of the removal of the above-referenced action is being delivered to all properly joined parties through their counsel of record and filed with the Clerk of Court of the 14th Judicial District Court for the Parish Calcasieu, State of Louisiana.

**XV.**

**WHEREFORE**, Defendant, Dolphin Services, LLC, prays that this Notice of Removal

be filed in accordance with the provisions of applicable law and that it be deemed good and sufficient, and that the above captioned matter be removed to this Honorable Court for trial and determination as provided for by law and proceed as if this civil action had originally commenced in this Court.

          Respectfully submitted,

          *s/William S. Bordelon*
          William S. Bordelon, Bar No. 3251
          BORDELON & SHEA, LLP
          407 Roussell St., P.O. Drawer 2317
          Houma, Louisiana  70361-2317
          Telephone: (985) 851-4241
          Facsimile: (985) 851-4385
          Email: wsbatty@bellsouth.net
          **COUNSEL FOR DOLPHIN SERVICES, LLC**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile, electronic mail, or depositing same in the U.S. Mail, postage prepaid and properly addressed, this 18th day of October, 2016.

          *s/William S. Bordelon*