UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JORDAN SOILEAU** | **CASE NO. 2:16-CV-01452** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **E R A HELICOPTERS LLC, ET AL.** | **MAGISTRATE JUDGE KAY** |

## RULING

Pending before the Court is a motion for summary judgment [Doc. No. 30], filed by Defendant Era Helicopters, LLC ("Era"), whereby Defendant seeks dismissal of all claims brought against it by Plaintiff Jordan Soileau. The motion is unopposed.[1] For the following reasons, the motion is GRANTED.

Plaintiff, a scaffold builder on an offshore platform, brings this suit for injuries sustained in a workplace accident. Plaintiff alleges he was injured by a piece of plywood that became airborne and struck him. According to Plaintiff, the accident occurred when an Era helicopter began to take off from the platform, and the helicopter's "rotor wash caused several pieces of unrestrained plywood to become airborne and fly in the air," thereby striking Plaintiff. [Doc. No. 20, ¶ 3].

As the accident in this matter occurred on an artificial structure attached to the outer continental shelf, the Outer Continental Shelf Lands Act ("OCSLA") applies. 28 U.S.C. § 1333(a). "Under OCSLA, federal law generally applies to such disputes and state law is applied 'only as

---

[1] The deadline for submission of a memorandum in opposition to the motion for summary judgment has passed, and no opposition has been received by the Court. [*See* Doc. No. 31]. Accordingly, the motion is deemed unopposed.

federal law and then only when not inconsistent with applicable federal law.'" *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 814 F.3d 733, 738 (5th Cir.2016) (quoting *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 356 (1969)). When there are "gaps in the federal law," OCSLA adopts the law of the adjacent state – here Louisiana – as surrogate federal law to the extent the adjacent state's law is applicable and not inconsistent with OCSLA or other federal laws and regulations. *Id.* (quoting *Rodrigue* at 356). Thus, in this matter, the Court must look to Louisiana law. *See e.g. Fornah v. Schlumberger Technology Corp.*, 737 Fed.Appx. 677, 680 (5th Cir. 2018) (district court properly applied Louisiana law to offshore worker's negligence claims).

In Louisiana, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. C.C. art. 2315(A). Louisiana employs a "duty-risk analysis" to determine whether to impose liability. *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 409 (5th Cir. 2017); *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632–33 (La. 2006). Under this analysis, a plaintiff must show:

> [F]irst, that the defendant had a duty to conform his conduct to a specific standard (duty); second, that the defendant's conduct failed to conform to the appropriate standard (breach); third, that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (cause in fact); fourth, that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (legal cause); and fifth, that the plaintiff suffered actual damages (damages).

*Duncan*, 863 F.3d at 409.

In this matter, Era argues Plaintiff cannot meet the second element of his prima facie burden, because Era did not breach the applicable standard of care. [Doc. No. 30-2 at 5]. Specifically, Era contends there is no dispute that the helicopter pilots gave notice to platform personnel, including Plaintiff, when the helicopter was approximately twenty minutes from arrival

on the platform; there is no dispute that platform personnel issued a "green deck" to the pilots[2]; there is no dispute that the platform announced to the platform workers when the helicopter was five minutes away; and there is no dispute that the "green deck" was never called off. [Doc. No. 30-2 at 7].

The motion for summary judgment [Doc. No. 30], appearing to be well-founded in law and fact and being unopposed by Plaintiff, is hereby GRANTED, and all claims against Defendant Era Helicopters, LLC are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Chambers on this 15th day of October, 2018.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[2] According to Era, when a helicopter was approaching the platform, it would ask for a "green deck" about twenty minutes prior to arrival to confirm it was safe for the helicopter to land and take off from the platform. [Doc. No. 30-2 at 5]. Once the green deck was announced, all platform workers were to shut down operations on the top deck, store the cranes and tie down anything that could blow away because of the rotor wash. *Id.* Any platform worker who saw any loose plywood or other unsecured objects could call off the green deck. *Id.*